each in the sum of $1,000.00, the claimant alleging that the payments were made under compulsion, which compulsion arose through fears of penalties, provided under the Corporation Laws of the State of Illinois.

In Case No. 1240 the claimant appears assignee of the claim from the Railway Steel Spring Company in a New Jersey Corporation now dissolved, it appearing the assignor paid corporation franchise fees for the year 1923. The declaration alleging was made under the same compulsion as in 1214 above. It is contended by claimant that the General Corporation Act concerning penalties for non-payment of franchise fees are of themselves compulsion for the payment of such fees and that payment under protest would be useless.

This court is of the opinion that claimant had an adequate remedy at law or in courts of general jurisdiction and to sustain this position, this court will recite a paragraph from the brief and argument of the Attorney General in words and figures as follows:

"If claimant had considered this payment as being involuntary it would have made the payments under protest and filed its bill in a court of competent jurisdiction for a writ of injunction to restrain the receiving officer from paying the amount into the State Treasury in accordance with the statutory procedure set up by the State Legislature. This the claimant did not do. It must be considered therefore that the payment was made voluntarily and therefore cannot be recovered back. (*Richardson Lubricating Co.* v. *Kinney*, 337 Ill. at 128; *Standard Oil Co.* v. *Bollinger*, 337 Ill. at 357.)"

It is therefore recommended by this court that said claims be denied and petitions dismissed.

(No. 1218— )

UNITED STATES HOFFMAN MACHINERY CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 16, 1930.*

WINSTON, STRAWN & SHAW, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

Now comes Oscar E. Carlstrom, Attorney General, and makes his motion for dismissal, pursuant to an order to show cause entered by this court on the 13th day of November, A. D. 1930, wherein the claimant was ordered to show cause on or before December 3rd, 1930, why this case should not be dismissed for want of prosecution.

And it appearing to the court that cause has not been shown by claimant in accordance with said order, it is hereby ordered that the claim be dismissed without an award and the case stricken from the docket.

(No. 1219—

J. H. WILLIAMS & Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 16, 1930.*

WINSTON, STRAWN & SHAW, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

Now comes Oscar E. Carlstrom, Attorney General, and makes his motion for dismissal, pursuant to an order to show cause entered by this court on the 13th day of November, A. D. 1930, wherein the claimant was ordered to show cause on or before December 3rd, 1930, why this case should not be dismissed for want of prosecution.

And it appearing to the court that cause has not been shown by claimant in accordance with said order, it is hereby ordered that the claim be dismissed without an award and the case stricken from the docket.